Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MARÍA ROMAN ROMAN Y OTROS<br><br>Apelantes<br><br>V.<br><br>FREDDY CRUZ HERNÁNDEZ Y OTROS<br><br>Apelados | TA2025AP00442 | Apelación procedente del Tribunal de Primera Instancia de Arecibo<br><br>Caso Núm.:<br>C AC2007-6570<br><br>Sobre:<br>Incumplimiento de Contrato |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2025.

Comparece la señora María Román Román (señora Román Román), el señor Fernando Pérez Collazo (señor Pérez Collazo) y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Pérez-Román o parte apelante) en solicitud de que revisemos una *Sentencia Parcial* emitida el 17 de noviembre de 2014 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o Foro primario).[1] En el referido dictamen, el TPI declaró Ha Lugar la *Moción de Sentencia Sumaria* que presentó el Banco Popular de Puerto Rico (BPPR) y la solicitud de sentencia sumaria que presentó el ingeniero Otón Vivas Gotay (Ing. Vivas Gotay), la señora Luz N. Abreu (señora Abreu) y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Vivas-Abreu). En consecuencia, desestimó la demanda en contra de los susodichos y ordenó la continuación de los procedimientos en cuanto a las demás causas de acción.

---

[1] Apéndice 3 de la Entrada Núm. 1 del expediente en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Tribunal de Apelaciones (TA), a las págs. 619-651. Archivada y notificada el 10 de julio de 2025.

Por los fundamentos que expondremos a continuación, revocamos el dictamen apelado.

**I.**

Este caso se originó el 24 de agosto de 2007, cuando el matrimonio Pérez-Román instó una *Demanda* sobre incumplimiento contractual y daños y perjuicios en contra del señor Freddy Cruz Hernández (señor Cruz Hernández), la señora Carmen Nieves Medina (señora Nieves Medina) y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Cruz-Nieves), el ingeniero Aníbal Santiago García (Ing. Santiago García), la señora María Martínez Vera (señora Martínez Vera) y la Sociedad Legal de Gananciales compuesta por ambos (matrimonio Santiago-Martínez), BPPR y el matrimonio Vivas-Abreu (en conjunto, la parte apelada).[2] En esencia, alegó que contrató a la parte apelada para que llevara a cabo una obra de construcción, pero que esta incumplió con lo pactado. Señaló que la obra tenía vicios de construcción y que carecía de estética, por lo que tenía que ser objeto de reconstrucción. Por tal razón, solicitó distintas partidas por daños, además que se nombrara un perito para que este avaluara los vicios y defectos de construcción y que realizara un informe sobre el costo de terminación de obra.

El 18 de septiembre de 2007, el matrimonio Cruz-Nieves presentó su *Contestación a la Demanda*.[3] En síntesis, negó la mayoría de las alegaciones en la reclamación. Particularmente, indicó que la obra no se entregó a tiempo como resultado de la demora del señor Pérez Collazo en transmitir el dinero. A su vez, presentó una *Reconvención* en contra del matrimonio Pérez-Román.

El 8 de octubre de 2007, el matrimonio Vivas-Abreu presentó su *Contestación a la Demanda y Demanda contra Co-parte*.[4]

---

[2] *Íd.*, a las págs. 1-4.
[3] *Íd.*, a las págs. 9-11.
[4] *Íd.*, a las págs. 13-16.

El 15 de octubre de 2007, el matrimonio Pérez-Román presentó una *Demanda Enmendada* para los efectos de traer al pleito a Popular Mortgage, Inc. (PMI).[5] Esbozó que, dicha entidad fue quien hizo el préstamo a la parte apelante y cuyos funcionarios debieron haber inspeccionado la obra de construcción.

Tras varios incidentes procesales, el 16 de agosto de 2013, el BPPR presentó una *Moción de Sentencia Sumaria.*[6] Sostuvo que, no incumplió con su responsabilidad contractual y que bajo dicha responsabilidad no le correspondía velar por la calidad de la obra construida. Ante ello, solicitó que se desestimara la demanda y la demanda coparte contra PMI.

Por otra parte, el 3 de septiembre de 2013, el matrimonio Vivas-Abreu presentó una *Réplica a Solicitud de Sentencia Sumaria y Otra en Solicitud de Sentencia Sumaria a Favor de los Terceros Demandados.*[7] Allí, indicó que el Ing. Vivas Gotay solo era contratado por PMI para verificar etapas construidas y a quien le correspondía velar por la calidad y la forma de la construcción era al Ing. Santiago García.

De igual forma, esbozó que el Ing. Vivas Gotay nunca contrató con la parte apelante, ni con el contratista y mucho menos con el Ing. Santiago García por lo cual no se le podía responsabilizar por el incumplimiento contractual.

Luego de evaluar las solicitudes presentadas, así como sus respectivas oposiciones y replicas, el 17 de noviembre de 2014, el TPI emitió una *Sentencia Parcial.*[8] Mediante aludido dictamen, concluyó que después de haber analizado los escritos y documentos que obraban en el expediente judicial, resultaba improcedente en derecho la demanda en contra de PMI y el Ing. Vivas Gotay, por tanto, procedía

---

[5] *Íd.*, a las págs. 17-21.
[6] *Íd.*, a las págs. 195-296.
[7] *Íd.*, a las págs. 297-322.
[8] *Íd.*, a las págs. 404-436. Archivada y notificada el 20 de noviembre de 2014.

su desestimación. A tales efectos, declaró Ha Lugar la moción de sentencia sumaria presentada por el BPPR y la solicitud de sentencia sumaria presentada por el matrimonio Vivas-Abreu. Asimismo, ordenó la continuación de los procedimientos en cuanto a las demás causas de acción.

Tras varios trámites los cuales no son necesarios pormenorizar, el 8 de diciembre de 2021, un Panel Hermano emitió una *Sentencia*.[9] Según surge del dictamen, el 17 de septiembre de 2021, el matrimonio Pérez-Román, al igual que el matrimonio Santiago-Martínez presentaron recursos apelativos bajo los alfanuméricos KLAN202100745 y KLAN202100748, respectivamente, los cuales fueron consolidados. En ambos recursos se solicitó la revocación de la sentencia parcial dictada por el TPI el 19 de julio de 2021.[10]

Así, luego de un examen del tracto procesal del caso, el foro revisor determinó que las partes y el TPI dejaron de notificar los procedimientos al matrimonio Cruz-Nieves desde el 25 de septiembre de 2007, como consecuencia, el caso continuó tramitándose sin la comparecencia de estos por un espacio de catorce (14) años. Por ello, juzgó que el foro primario erró al determinar que procedía la desestimación de la reclamación contra dicho matrimonio. A tales efectos, concluyó que el TPI tenía que atender el asunto jurisdiccional planteado en la *Moción Respecto a Obstáculo Jurisdiccional/Procesal, Solicitando Conversión de Vista y sobre Otros Extremos* previo a emitir cualquier decisión resolutoria.

Recibido el mandato, el 9 de mayo de 2023, el TPI emitió una *Orden de Comparecencia a Publicarse por Edicto*.[11] Mediante esta,

---

[9] *Íd.*, a las págs. 652-659. Archivada y notificada el 13 de diciembre de 2021.
[10] *Íd.*, a las pág. 653. Archivada y notificada el 21 de julio de 2021.
[11] *Íd.*, a las págs. 670-678.

ordenó la comparecencia del matrimonio Cruz-Nieves ante el tribunal dentro de los treinta (30) días siguientes a la publicación del edicto.

El 7 de octubre de 2024, las partes presentaron una *Moción Conjunta en Cumplimiento de Orden.*[12] En particular, esbozaron que la señora Abreu falleció por lo que debería ser sustituida conforme al procedimiento establecido, y de ser necesario, llevar a cabo los emplazamientos pertinentes a tres hijos, mayores de edad.

Después de varios incidentes procesales, el 9 de julio de 2025, el TPI emitió una *Resolución.*[13] Allí, declaró Ha Lugar la moción presentada por el BPPR intitulada *Postura de BPPR sobre la Alegada Notificación Defectuosa de Sentencia Parcial Dictada el 17 de noviembre de 2014* del 13 de febrero de 2025. En consecuencia, ordenó a Secretaría a notificar a todas las partes la Sentencia Parcial dictada el 17 de noviembre de 2014, incluyendo al matrimonio Cruz-Nieves.[14]

Inconforme con esta determinación, el 29 de julio de 2025, el matrimonio Pérez-Román presentó una *Moción en Solicitud de Reconsideración de la Orden del 10 julio de 2025 y de la Sentencia del 10 de julio de 2025.*[15] En esencia, manifestó que las mociones de sentencias sumarias se tenían que notificar nuevamente a todas las partes, sin embargo, el TPI optó por solo ordenar la notificación de la sentencia del 17 de noviembre de 2014. Ante ello, arguyó que todavía se seguían lesionando los derechos de las partes que no fueron notificadas de mociones, órdenes, resoluciones y señalamientos de vistas. De igual forma, señaló que había herederos que aún no han sido traídos al pleito. Por otra parte, sostuvo que el dictamen ignoró el estado de derecho establecido en la Opinión del caso *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024).

---

[12] *Íd.*, a las págs. 697-700.
[13] *Íd.*, a las pág. 708-712. Archivada y notificada el 10 de julio de 2025.
[14] Es preciso señalar que dicha sentencia fue notificada el 10 de julio de 2025.
[15] Apéndice 3 de la Entrada Núm. 1 en SUMAC, a las págs. 714-717.

En respuesta, el 12 de agosto de 2025, el BPPR presentó una *Oposición a Moción de Reconsideración*.[16] Alegó que, el dictamen emitido en el caso KLAN202100745, no declaró la nulidad de la Sentencia Parcial dictada por el foro primario el 17 de noviembre de 2014. Por lo cual, indicó que se emitió la notificación enmendada de referida sentencia. A su vez, esgrimió que lo resuelto por el Tribunal Supremo era patentemente distinguible de los hechos en el presente caso. Por último, agregó que el Ing. Vivas Gotay no procreó hijos con la señora Abreu al momento de los hechos aquí en controversia, ni cuando el TPI emitió su dictamen el 17 de noviembre de 2014.

Por su parte, en esta misma fecha, el matrimonio Santiago-Martínez presentó una *Moción en Cumplimiento de Orden*.[17] En esta, acogió los planteamientos del matrimonio Pérez-Román en cuanto la falta de notificación de las mociones, así como la ausencia de los herederos de la señora Abreu en el pleito.

Atendido los escritos, el 10 de septiembre de 2025, el foro primario emitió una *Resolución* mediante la cual declaró No Ha Lugar la moción de reconsideración.[18]

Aún insatisfecho, el 14 de octubre de 2025, el matrimonio Pérez-Román presentó su recurso de apelación, en el que señaló que el TPI incurrió en los siguientes errores:

> PRIMERO: ERRÓ EL TPI AL INCUMPLIR CON EL MANDATO DE ESTE TRIBUNAL BAJO EL CASO KLAN202100745, CONSOLIDADO KLAN202100748, SOBRE LA FALTA DE ANOTACIÓN DE REBELDÍA DE LOS DEMANDADOS FREDDY CRUZ HERNÁNDEZ Y SU ESPOSA CARMEN NIEVES MOLINA.
>
> SEGUNDO: ERRÓ EL TPI AL NO PROCURAR LA NOTIFICACIÓN DE LOS ESCRITOS DE LAS PARTES A FREDDY CRUZ HERNÁNDEZ Y SU ESPOSA CARMEN NIEVES MOLINA, ACENTUANDO LA FALTA DE JURISDICCIÓN PARA CONTINUAR LOS PROCEDIMIENTOS Y, FINALMENTE, NOTIFICANDO SIN CAMBIO ALGUNO LA SENTENCIA PARCIAL DEL 17 DE NOVIEMBRE DE 2014.
>
> TERCERO: ERRÓ EL TPI AL NUNCA EMITIR UNA ORDEN MEDIANTE LA CUAL SE LE ANOTARA LA REBELDÍA DE LOS

---

[16] *Íd.*, a las págs. 718-723.

[17] *Íd.*, a la pág. 724.

[18] *Íd.*, a la pág. 725-727. Archivada y notificada el 11 de septiembre de 2025.

DEMANDADOS FREDDY CRUZ HERNÁNDEZ Y SU ESPOSA CARMEN NIEVES MOLINA LUEGO DE QUE ASÍ LO ORDENARA (POR EL ASUNTO JURISDICCIONAL) ESTE TRIBUNAL EN EL CASO KLAN202100745, CONSOLIDADO KLAN202100748. ELLO OCURRIÓ A PESAR DE HABERLE SIDO SOLICITADO.

CUARTO: ERRÓ EL TPI AL NO DAR CUENTA NI SUBSANAR LA FALTA DE NOTIFICACIONES A LOS DEMANDADOS FREDDY CRUZ HERNÁNDEZ Y SU ESPOSA CARMEN NIEVES MOLINA DE LAS MOCIONES DE SENTENCIA SUMARIA Y OPOSICIÓN QUE SE PRESENTARON ANTES DE LA SENTENCIA PARCIAL DEL 17 DE NOVIEMBRE DE 2014 LUEGO DE QUE ESTE TRIBUNAL ORDENARA QUE SE SUBSANARA ESE DEFECTO.

QUINTO: ERRÓ EL TPI AL DECLARAR HA LUGAR LA SOLICITUD DE SENTENCIA SUMARIA SOMETIDA POR LO CO-DEMANDADOS BPPR Y OT[Ó]N R. VIVAS GOTAY A PESAR DE QUE BPPR TEN[Í]A O DEB[Í]A TENER CONOCIMIENTO DE LOS DEFECTOS DE LA PROPIEDAD Y AÚN ASÍ DESEMBOLSO LOS PAGOS Y

SEXTO: EL HECHO DE QUE LUEGO DEL 17 DE NOVIEMBRE DE 2014 NUESTRO TRIBUNAL SUPREMO DICTÓ LA SENTENCIA EN EL CASO DE CRUZ CRUZ Y OTROS V. CASA BELLA CORP., 2024 TSPR 47, SIENDO IGNORADA POR EL TPI. EL TPI NOTIFICÓ INTACTA LA SENTENCIA DEL 2014 IGNORANDO EL CAMBIO EN NUESTRO ORDENAMIENTO JURÍDICO.

Mediante la discusión conjunta de los primeros cuatros errores, la parte apelante argumentó que a pesar de lo resuelto en los recursos KLAN202100745 y KLAN202100748, el TPI incidió en el mismo error enunciado sobre la falta de jurisdicción. Explicó que, las mociones de sentencia sumaria no fueron notificadas al matrimonio Cruz-Nieves en el 2012 ni ahora en 2025 para dar paso a la sentencia parcial. Además, sostuvo que la sentencia tampoco se ajustó para que reflejara el derecho aplicable del citado caso *Cruz, López v. Casa Bella y otros*, supra.

En cuanto el quinto y sexto señalamiento de error, arguyó que las determinaciones de hecho de la sentencia impugnada no tomaron en consideración el rol que asumió el BPPR y el Ing. Vivas Gotay para que la obra resultara en una ruina. Sostuvo que, PMI, ahora BPPR, alteró las relaciones de la parte apelante, su contratista y su inspector y ahora, luego de que todo operara en contra del matrimonio Pérez-Román pretendía que se le relevara de toda culpa. Así, manifestó que

la parte apelante descansó en las representaciones hechas por el BPPR, y su inspector, el Ing. Vivas Gotay, de que darían fiel cumplimiento a las inspecciones sobre el progreso de la obra.

Por su parte, el matrimonio Santiago Martínez aseveró que la falta de notificación de las mociones de sentencia sumaria se subsanaba con la oportuna notificación del dictamen. No obstante, adujo que no procedía la sentencia sumaria ya que existía una controversia real sustancial. En específico, señaló que el Ing. Vivas Gotay falló en su obligación ética y legal al calificar solo el por ciento de las etapas y su conformidad con los planos de construcción. Sostuvo que no hubo una evaluación profesional por el ingeniero, sino la firma de un papel para autorizar unos desembolsos.

Por otro lado, el BPPR arguyó que la sentencia emitida en los casos KLAN202100745 y KLAN202100748 no modificó, trastocó y mucho menos revocó la Sentencia Parcial emitida el 17 de noviembre de 2014. Sostuvo que, referido dictamen solo dispuso que no procedía desestimar la demanda de coparte del matrimonio Santiago-Martínez, ni la demanda en contra del matrimonio Cruz-Nieves sin haber notificado adecuadamente a este último. Por tal razón, manifestó que el TPI actuó correctamente en ordenar una notificación enmendada del dictamen emitido el 17 de noviembre de 2014, a todas las partes y en rechazar los planteamientos presentados por la parte apelante que insistía en anular la misma.

De igual forma, esbozó que el matrimonio Cruz-Nieves abandonó el pleito hace muchos años, evidenciando un total desinterés en el caso. Esgrimió que, la incuria y dejadez de aludido matrimonio no podía ser fundamento para dejar sin efecto una sentencia del TPI. Por lo que, razonó que era inmeritorio e irrazonable que la parte apelante pretenda relitigar años de litigio, por falta de notificación de las mociones al matrimonio Cruz-Nieves.

En cuanto el quinto y sexto señalamiento de error, alegó que, conforme a lo pactado, los informes que realizó el representante del BPPR son para el beneficio del banco y que en ningún momento se interpretará como que el representante juzgó la calidad de los trabajos. Asimismo, indicó que el matrimonio Pérez-Román relevó a PMI de toda responsabilidad, respecto al desempeño del señor Cruz Hernández, en la obra de construcción y la calidad de los trabajos realizados.

Por otra parte, adujo que el matrimonio Pérez-Román era quien recibía los desembolsos del TPI y era en el Ing. Santiago García a quien le recaía la responsabilidad de aprobar y pagar las certificaciones de la obra. Por lo que, argumentó que el planteamiento en contra de BPPR, de que pagó por etapas mal construidas, no completadas y/o con vicios de construcción era frívolo e inmeritorio.

**II.**

Tanto en la Constitución de los Estados Unidos de América como en la Constitución del Estado Libre Asociado de Puerto Rico, se reconoce el derecho fundamental al debido proceso de ley. Const. EE. UU., Emdas. V y XIV LPRA, Tomo 1; Const. P.R. Art. II, Sec. 7; *González Segarra et al. v. CFSE*, 188 DPR 252 (2013); *Domínguez Castro et al. v. ELA*, 178 DPR 1 (2010). En su concepción abarcadora y su vertiente procesal, el debido proceso de ley se refiere al derecho de toda persona a tener un proceso justo y con todas las garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo. *Aut. Puertos v. HEO*, 186 DPR 417 (2012)*; Marrero Caratini v. Rodríguez Rodríguez*, 138 DPR 215 (1995). Así, pues, se le impone al Estado la obligación de garantizar un procedimiento justo y equitativo. *Álvarez v. Arias*, 156 DPR 352, (2002).

Para satisfacer las exigencias del debido proceso de ley en su vertiente procesal, se deben cumplir los siguientes requisitos: (1) notificación adecuada del proceso; (2) ante un juez imparcial; (3)

oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base se base en la evidencia presentada y admitida en el juicio. *Hernández González v. Srio. de Transportación y Obras Públicas*, 164 DPR 390 (2005); *Domínguez Castro et al. v. ELA, supra.*

Cónsono con lo anterior, es harto conocido que las partes deben ser notificadas de todos los escritos que son presentados durante los procesos judiciales como corolario del debido proceso de ley. *Bco. Popular v. Andino Solís*, 192 DPR 172, 183 (2015), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 5ta ed., San Juan, Ed. LexisNexis, 2010, pág. 193. En este sentido, la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, establece que "[t]oda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes". Ello, con el propósito de "que todas las partes del pleito estén plenamente enteradas de todo lo que allí acontece y así puedan expresarse sobre todos los desarrollos en éste". (Corchetes suprimidos). Rosario Domínguez et als. v. ELA et al., 190 DPR 197, 215 (2017).

### III.

En el presente caso, el matrimonio Pérez-Román esbozó que las mociones de sentencia sumaria no fueron notificadas al matrimonio Cruz-Nieves antes de dar paso a la sentencia parcial impugnada. Por lo cual, arguyó que el TPI incidió en el mismo error que fue señalado en los casos KLAN202100745 y KLAN202100748 sobre falta de jurisdicción.

Luego de un análisis minucioso del expediente apelativo ante nuestra consideración y las normas aplicables, concluimos que a la parte apelante le asiste la razón. Nos explicamos.

Según dispone la Sentencia emitida el 8 de diciembre de 2021 por un Panel Hermano en los casos KLAN202100745 y

KLAN202100748, se determinó, tras un examen del tracto procesal, que las partes y el TPI dejaron de notificar los procedimientos al matrimonio Cruz-Nieves desde el 25 de septiembre de 2007.[19] En consecuencia, sostuvo que el caso continuó tramitándose sin la comparecencia de estos por un espacio de catorce (14) años.[20]

A tales efectos, tanto las mociones de sentencia sumaria del BPPR y del matrimonio Vivas-Abreu presentadas el 16 de agosto de 2013 y el 3 de septiembre de 2013, respectivamente, así como la Sentencia Parcial dictada el 17 de noviembre de 2014, no fueron notificadas al matrimonio Cruz-Nieves. Por lo que, correspondía notificar las susodichas a todas las partes en el pleito como corolario del debido proceso de ley. A pesar de ello, el foro primario mediante *Resolución* emitida el 9 de julio de 2025, solo ordenó la notificación de la Sentencia Parcial.[21] Por lo cual, juzgamos que se violentó el debido proceso de ley del matrimonio Cruz-Nieves toda vez que nunca tuvieron la oportunidad para expresarse en cuanto las mociones de sentencia sumaria presentadas. Reiteramos que aludidas mociones dieron paso a la sentencia parcial que se impugna en el pleito de epígrafe.

Por tal razón, revocamos el dictamen apelado para que el TPI notifique las mociones de sentencias sumarias presentadas por el BPPR y el matrimonio Vivas-Abreu a todas las partes en el pleito y que estas tengan la oportunidad de expresarse en cuanto a las mismas, si así lo desearan.[22] Realizado dicho acto, entonces el TPI podrá emitir el dictamen que a su juicio proceda.[23]

---

[19] *Íd.*, a la pág. 658.
[20] *Íd.*
[21] *Íd.*, a las pág. 712.
[22] De igual forma, es preciso señalar que del expediente surge que la señora Abreu, esposa del Ing. Vivas Gotay, falleció durante los procedimientos por lo que resulta indispensable traer a sus herederos al pleito como parte del debido proceso de ley.
[23] Destacamos que, aunque el TPI no anotó en rebeldía al matrimonio Cruz-Nieves, la omisión de la anotación no afectaría la validez de una sentencia dictada en rebeldía a tenor con lo establecido en la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1.

En virtud de lo anterior, resulta innecesario discutir el quinto y sexto error presentado por la parte apelante.

**IV.**

Por los fundamentos que anteceden, *revocamos* la *Sentencia Parcial* apelada y ordenamos la devolución del caso al TPI para la continuación de los procedimientos, de conformidad con lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones